NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JESSICA J. HESLOP,**
*Petitioner*

**v.**

**INTERNAL REVENUE SERVICE,**
*Respondent*

---

2020-1314

---

Petition for review of an arbitrator's decision in No. 2016-21857 by Claude Dawson Ames.

---

Decided:  December 9, 2020

---

KATHRYN W. BAILEY, Office of General Counsel, National Treasury Employees Union, Washington, DC, for petitioner.  Also represented by LARRY JOSEPH ADKINS, GREGORY O'DUDEN.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* MAYER and MOORE, *Circuit Judges.*

PER CURIAM.

Jessica J. Heslop seeks review of an arbitrator's decision sustaining her removal from her position with the Internal Revenue Service ("IRS" or "agency"). For the reasons discussed below, we affirm.

BACKGROUND

Heslop, who worked as an IRS Revenue Agent in San Diego, California, began taking leave for a chronic migraine condition. J.A. 42–45. By early 2016, she had used all the leave available to her and began to request leave without pay. J.A. 7. Between March 2015 and January 2017, she was absent for approximately 2,445 hours, which represented nearly eighty-five percent of her regular days of work. J.A. 12. The IRS determined that Heslop was absent without leave for many of these absences. *See* J.A. 15–16.

The IRS warned Heslop that her absences were excessive and instructed her to return to work. *See* J.A. 5–7. On March 10, 2017, the agency proposed to remove Heslop from her position, asserting that she had been absent without leave and had "been excessively absent beyond a reasonable period of time." J.A. 2. Although Heslop and her union representative submitted an oral response to the agency's proposed removal action, *see* J.A. 79, she was removed from her position effective January 19, 2018, *see* J.A. 78. Heslop's removal notice stated that the IRS had concluded that her "continuous prolonged and extended unscheduled absences" had put "a severe undue burden on the Agency" and "undermine[d] the public's confidence in the Agency's ability to deliver quality service." J.A. 79.

Heslop appealed her termination, but an arbitrator sustained the agency's removal decision. *See* J.A. 1–24.

The arbitrator concluded that the agency's charges of excessive absence and absence without leave were supported by a preponderance of the evidence, J.A. 11–16, and that Heslop's "inability to perform her duties as a Revenue Agent greatly impacted her group's morale and placed an undue burden on other members of the group to perform audit examinations and other duties that would have been assigned to and performed by [Heslop], but for her excessive absences due to her chronic migraine medical condition." J.A. 12.

Heslop then filed a timely petition for review with this court. We have jurisdiction under 5 U.S.C. §§ 7121(f), 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court will set aside "an arbitrator's ruling only if it is arbitrary, capricious, an abuse of discretion, contrary to law, unsupported by substantial evidence, or obtained without following procedures required by law." *Ramirez v. DHS*, 975 F.3d 1342, 1347 (Fed. Cir. 2020); *see* 5 U.S.C. § 7121(f). In her briefing to this court, Heslop advances two principal arguments. First, she contends that the charge of excessive absence should be set aside because the IRS failed to establish that her position needed to be filled by another regularly available employee. Second, she asserts that the arbitrator should have mitigated the agency's penalty of removal because she produced competent evidence showing that her medical condition had improved. We address each of these arguments in turn.

In *Cook v. Department of Army*, the Merit Systems Protection Board ("board") held that an agency could not take an adverse action against an employee based on the excessive use of leave unless the agency could show, among other things, that the absent employee's position "needed to be filled by an employee available for duty on a regular, full-time or part-time basis." 18 M.S.P.R. 610, 612 (1984); *see also Combs v. SSA*, 91 M.S.P.R. 148, 153 (2002)

("[P]rovided that certain criteria are met, an agency can bring an action against an employee for excessive approved absence."). Assuming *arguendo* that this court agrees with *Cook*, which we do not decide, substantial evidence supports the arbitrator's determination that the agency needed to fill Heslop's position.

During the arbitration proceedings, Heslop's supervisors testified that IRS audits and examinations are time sensitive and that Heslop's repeated and extended absences had placed an undue burden on other agency employees. *See* J.A. 5–6, 12. Although "budgetary and hiring restrictions" prevented the IRS from immediately hiring a replacement for Heslop after her termination, J.A. 13, this failure to hire a replacement does not, standing alone, establish that the agency had no need to fill Heslop's position. To the contrary, the fact that the IRS had been forced to spend considerable sums to transport agents from other offices to San Diego to take over Heslop's case assignments during her extended absences, *see* J.A. 5, 13, strongly supports the conclusion that the agency had the need for an employee to fill her position. In this regard, we note that the board has determined that the *Cook* standard can be satisfied when, as here, an employee's extensive absences undermine agency functioning and force other agency employees to take on significant additional responsibilities. *See, e.g., Gartner v. Dep't of Army*, 104 M.S.P.R. 463, 469 (2007) (sustaining an excessive absence charge where an employee's "absences from work had an adverse impact on the [agency's] operations"); *Combs*, 91 M.S.P.R. at 154 (sustaining an excessive absence charge where an employee's absences caused another employee to become "backlogged" and use overtime); *see also Hines v. England*, No. 05-CV-1370-IEG (BLM), 2007 WL 9776571, at *6 (S.D. Cal. June 28, 2007) ("The *Cook* test does not require the employer prove that the employee's position was filled by an outside hire or show that the employer could not cope with the employee's absence.").

We likewise reject Heslop's contention that the arbitrator erred in failing to properly consider post-removal evidence of her improved medical condition. The arbitrator expressly considered whether Heslop's medical condition had improved and whether she would "be able to resume her job duties without [extensive] absences in the future." J.A. 23. To support her claim that her improved medical condition warranted mitigation of the penalty of removal, Heslop submitted a 2018 letter from her physician stating that she had "no limitations in her ability to perform her job on the basis of her migraines." J.A. 85. The letter further stated that while Heslop's migraine condition had "periods of exacerbation," she was undergoing "an effective medical regimen" that served to "limit the [migraine] episodes." J.A. 85. Notably, however, this letter did not indicate that Heslop no longer suffered from severe migraines, but instead stated only that her current treatment regimen served to "limit" her migraine episodes. J.A. 85. Furthermore, the letter failed to address Heslop's current or future ability to undertake all the specific duties required of an IRS Revenue Agent. *See* J.A. 85.

Heslop's supervisor testified that he considered sanctions other than removal, but that he "could not identify any adequate alternative." J.A. 22. He further stated that "there . . . was no way to rehabilitate [Heslop] because she simply could not come to work" and that "there was no reasonable accommodation that would have permitted [her] to perform the essential functions of her position." J.A. 21. Under such circumstances, the arbitrator had ample support for his conclusion that mitigation of the penalty of removal was "inappropriate based on the seriousness of [Heslop's] excessive absences and [the] lack of any effective rehabilitation measures to ensure her regular attendance." J.A. 23; *see Zingg v. Dep't of Treasury*, 388 F.3d 839, 844 (Fed. Cir. 2004) (emphasizing that an agency has "broad discretion to determine the appropriate penalty"). We have

considered Heslop's remaining arguments but do not find them persuasive.

CONCLUSION

Accordingly, the arbitrator's decision is affirmed.

**AFFIRMED**

COSTS

No costs.